UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. STUART, | 1:11-CV-02155 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| MICHAEL MANTELL, Warden, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge.

On December 29, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court. He claims he has been denied eligibility to earn day-for-day credits against his sentence in violation of California statute and his due process rights.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim. He argues that the California Department of Corrections and Rehabilitation (CDCR) has denied him the day-for-day credit-earning privileges provided in Cal. Penal Code § 2933.  Although he claims a violation of his equal protection and due process rights, his claim is purely a question of state law, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991)

("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Although Petitioner alleges a violation of the Constitution, his broad assertion does not transform this claim into a federal one. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Moreover, it is clear from the exhibits Petitioner submits with his petition that his claims are groundless.

      Petitioner states he was sentenced on June 29, 1984, for crimes he committed prior to 1983. Because his crimes were committed pre-1983, Petitioner was subject to the pre-1983 credit-earning program when he was committed to prison in 1984. Under the pre-1983 program, Petitioner could shorten his prison term by up to one-third by earning behavioral and participation credits. See Cal. Penal Code § 2931 (1982). For inmates convicted of crimes that occurred after January 1, 1983, an updated credit-earning program was implemented in Cal. Penal Code § 2933 by which inmates could earn "worktime" credits by working in a qualifying program. See Cal. Penal Code § 2933 (1983). Under this program, inmates could earn day-for-day credits. Id. Pursuant to Cal. Penal Code § 2934, an inmate such as Petitioner could sign a waiver and opt into the new worktime credit program. See Cal. Penal Code § 2934; see also 15 Cal. Code of Regs. § 3043.1(d). A waiver is effective immediately if signed on or before January 1, 1983. See 15 Cal. Code of Regs. § 3043.1(d). Waivers signed subsequent to January 1, 1983, are effective on the date an inmate is assigned to a qualifying program. Id. Should an inmate not be provided with an opportunity to sign a waiver, the effective date is when the inmate would have been eligible had the inmate been given the opportunity. Id.

      In this case, Petitioner claims he was not given an opportunity to sign a waiver and opt into the worktime credit program until he signed a waiver on November 4, 2009. See Petition, Exhibit E. The evidence Petitioner submits with his petition flatly refutes his contention. Attached documentation shows Petitioner was counseled on at least nine separate occasions regarding the

provisions of Cal. Penal Code §§ 2930, 2931, 2932, 2933, 2934, the change in the credit-earning programs, and the need to sign a waiver for eligibility under the new program. See Petition, Exhibit F. The documentation is inconsistent with Petitioner's contention that he was not presented an opportunity to sign a waiver. Id. Rather, the documentation is consistent with a refusal to sign a waiver. Id. For instance, on August 3, 1984, the record shows that Petitioner was counseled regarding the waiver: "Section 2934 explained and apparently understood." See Petition, Exhibit F. On June 18, 1986, at another classification hearing, the record states: "As he is subject to 2931 P.C., 2934 P.C. was explained and apparently understood." See Petition, Exhibit F. At his August 27, 1987, classification hearing, the transcript states: "Penal Code Section 2930 was explained to [Petitioner] and he indicated that he understood." See Petition, Exhibit F. And in the hearing notes of the July 26, 1989, classification hearing, the committee noted: "In today's committee, members note that [Petitioner] is not yet signed into the time credit waiver 2934 P.C. and is still subject to 2931 P.C. [Petitioner] was explained the importance of this waiver in reducing sentence while working, and yet, he still refuses to sign." See Petition, Exhibit F. Again, in a February 22, 1991, classification hearing, the record shows Petitioner was counseled regarding the credit-earning programs: "PC 2930, 2933 & 2934 complied with & appeal rights explained." See Petition, Exhibit F. Based on this evidence, it is clear Petitioner was advised of the credit-earning programs and was presented with numerous opportunities to sign a waiver, yet he refused.

      Petitioner states that prison officials applied the more stringent credit loss provisions of Cal. Penal Code § 2933 on numerous occasions. He argues that these credit losses show prison officials considered him a participant in the new worktime program, and that this inconsistency refutes the prison's position that he had refused to sign a waiver. The Court is not persuaded. First, Petitioner acknowledges that prison officials correctly calculated the credit losses in recent computation worksheets when Petitioner pointed out that he could not suffer the greater penalties set forth in § 2933 when he was not a participant in the new program. Second, the miscalculations or erroneous credit loss assessments in various disciplinary proceedings do not demonstrate that the statements in the classification hearings that Petitioner was counseled regarding the credit-earning provisions were falsified. Third, it is irrelevant whether or not Petitioner refused to sign a waiver. Pursuant to 15

1  Cal. Code of Regs. § 3043.1(d), it is sufficient that an inmate was provided with an opportunity to
2  sign a waiver. As noted above, the documentation shows Petitioner was provided at least nine
3  opportunities to do so, and his arguments to the contrary are not credible.
4        Therefore, the petition will be DISMISSED.

## C.  Certificate of Appealability

6        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
7  district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
8  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue
9  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

22     If a court denies a petitioner's petition, the court may only issue a certificate of appealability
23  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or
24  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed
25  further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the
26  petitioner is not required to prove the merits of his case, he must demonstrate "something more than
27  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at
28  1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **January 25, 2012**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE