UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. STUART, | 1:11-CV-02155 GSA HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO AMEND OR ALTER JUDGMENT |
| v. | |
| MICHAEL MANTELL, Warden, | [Doc. #8] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On January 25, 2012, the undersigned issued an Order dismissing the petition. On February 22, 2012, Petitioner filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure § 59(e). Petitioner contends the undersigned was without authority to dismiss the case. He further claims the undersigned made several errors in procedure and fact. Petitioner's arguments are not well-taken.

Petitioner signed and filed a formal consent form indicating consent to the jurisdiction of the Magistrate Judge on January 17, 2012. Pursuant to 28 U.S.C. § 636(c), the undersigned was authorized to "conduct any or all proceedings . . . and order the entry of judgment in the case. . . ."

1  Petitioner's contention that the undersigned did not have the authority and did not follow appropriate
2  procedures is without merit.
3       Petitioner also contends the undersigned should not have issued a summary order dismissing
4  the case because Petitioner's allegations were not palpably incredible or patently false.  For two
5  reasons, Petitioner's argument fails. First, the undersigned found Petitioner's claims, even if credible,
6  did not rise to the level of a constitutional violation.  Whether or not prison authorities complied with
7  state law and provided him an opportunity to sign a waiver and opt into a worktime credit program is
8  completely an issue of state law, and therefore not cognizable in federal habeas.  See Estelle v.
9  McGuire, 502 U.S. 62, 67 (1991).  Petitioner cites to Wolff v. McDonnell, 418 U.S. 539 (1974) and
10 Davis v. Silva, 511 F.3d 1005 (9th Cir.2008) for the proposition that violations of good-time statutes
11 are cognizable on federal habeas.  However, these cases involved good-time credits that had been
12 earned and then revoked.  In this case, Petitioner did not sustain a revocation of any worktime
13 credits; he was not in the worktime program to earn such credits.  Second, as discussed in the order
14 dismissing the petition, Petitioner's allegations are indeed patently incredible.  As he himself
15 concedes, in at least one instance, he was "explained the importance of [the] waiver in reducing
16 sentence while working, and yet, he still refuses to sign." (See Pet'r's Mot. at 4.)  This alone plainly
17 shows he was provided an opportunity to sign a waiver pursuant to 15 Cal. Code of Regs.
18 § 3043.1(d).  The evidence showing that Petitioner was presented numerous other opportunities to
19 sign a waiver is merely cumulative.
20      The Court finds no reason to alter or amend the judgment. Accordingly, Petitioner's motion
21 is DENIED.
22
23      IT IS SO ORDERED.
24   Dated:   February 28, 2012              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE
25
26
27
28